UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DAKARAI MASON,**<br><br>      Plaintiff,<br><br>V.<br><br>**BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,**<br><br>      Defendant. | CIVIL ACTION FILE NO.<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

COMES NOW Plaintiff, Dakarai Mason, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Board of Regents of the University System of Georgia ("Defendant"), and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

2.  This Court has jurisdiction over the parties of this action because the employment practices described herein took place in Cobb County, Georgia.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.  Plaintiff received his Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed.

## II. PARTIES

5.  Plaintiff is a citizen of the United States and a resident of Georgia.

6.  Defendant is a government agency composed of all public institutions of higher education in the State of Georgia, including Kennesaw State University (Kennesaw State).

7.  Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

8.  Defendant is subject to the requirements of Title VII.

## III. FACTUAL ALLEGATIONS

9. Corporal Mason worked as a Detective Corporal for the Criminal Investigation Division with the Kennesaw State University Department of Public Safety ("Department").

10. Corporal Mason began working for the Department in 2009.

11. During his employment in the Department, Corporal Mason was promoted twice and received positive annual performance reviews.

12. In 2015, Corporal Mason received an award for officer of the year.

13. On January 30, 2018, the Department initiated an investigation into members of the World Mission Society Church of God ("Church").

14. The Church members were one of several religious organizations engaged in soliciting students on campus.

15. In January 2018, rumors began circulating on the Kennesaw State campus that connected Church members with an alleged human trafficking ring in Marietta, Georgia.

16. The rumors were false and without any factual basis.

17. In an statement from Kennesaw State to its students, the school wrote that they did not have information suggesting that the Church members were a threat.

18. Despite the lack of evidence, Detectives within the Department referred to the Church as a "cult."

19. On January 31, 2018, Corporal Mason emailed his supervisor, Detective Sergeant Suze Massengill: "I have been a member [of] the Church of God in Marietta for over 3 years now and I know the Missionary Justin and Sister Alicia personally. I assure you that their activity on campus had nothing to do with sex trafficking and or any other criminal activity. [...] I have made contact with Missionary Justin and advised him that the campus policy prohibits solicitation on campus."

20. Mr. Mason also wrote to Detective Massengill: "Missionary Justin advised that he would like to meet with campus authority to share information about the church activity on the KSU campus and university campuses nationwide. Missionary Justin also expressed that he would like information as to how to go about representing the church on campus the right way."

21. In February 2018, the Department closed its investigation and concluded that the Church members had not engaged in any illegal activity.

22. In February 2018, Kennesaw State advised the Church that it would need to become a student organization if it wanted to continue its activities on campus.

23. Kennesaw State requires all student organizations to have a Student Group advisor.

24. Corporal Mason requested permission from the Department to act as the Student Group advisor for the Church.

25. The Department approved Corporal Mason's request.

26. On February 15, 2018, Corporal Mason wrote to Sergeant Massengill and Captain Finn Ahlberg, "when the Church becomes a student organization it will also send the message to our community that the Church is not affiliated with any criminal activity and hopefully that will put an end to the threats and slander against our students who are church members."

27. Corporal Mason requested that the Department advise him if there were any conflicts between his role as a Student Advisor and his work as a detective.

28. No one advised Corporal Mason that there would be any conflicts.

29. In March 2018, Kennesaw State approved the Church as a student organization.

30. Corporal Mason asked Captain Ahlberg for permission to send the Church an introductory letter welcoming them as a student organization.

31. Captain Ahlberg approved Corporal Mason's request.

32. On or about March 7, 2018, Corporal Mason sent an introductory letter to the Church (hereinafter referred to as the "Welcome Letter").

33. The Welcome Letter stated that, "the students and staff members of the The World Mission Society are a welcomed part of the Kennesaw State University Community. We are looking forward to having The World Mission Society Church of God as an active student organization."

34. The Welcome Letter also referenced the human trafficking accusation, stating that the Department conducted a detailed investigation and there was no evidence of human trafficking or other criminal activity.

35. Prior to receiving the Welcome Letter, the Church had already been informed by the Department that the investigation had ended and no evidence of criminal activity was found.

36. The Welcome Letter did not include an apology and it did not share any information not already made known to the Church.

37. On or about March 23, 2018, the Department notified Corporal Mason that he was the subject of an investigation for sending the Welcome Letter to the Church.

38. The investigation was conducted by Inspector Tanya Smith, an Internal Affairs Investigator within the Department.

39. Inspector Smith accused Corporal Mason of sending the letter to "cover up" the Church's illegal activity.

40. Inspector Smith also accused Corporal Mason of being "brainwashed" by the Church.

41. On or about March 27, 2018, Corporal Mason observed that his work computer was left unplugged and disconnected from the docking station.

42. Upon closer inspection, Corporal Mason learned that a login attempt was made when he was off-duty.

43. Corporal Mason's requested that the Department investigate this potential breach of security, but he did not receive a reply.

44. On or about April 27, 2018, Defendant terminated Corporal Mason for sending the Welcome Letter.

## IV. CLAIMS FOR RELIEF

## COUNT I

## TITLE VII RELIGIOUS DISCRIMINATION

45. Plaintiff incorporates by reference paragraphs 1-44 of his Complaint as if fully set forth herein.

46. Plaintiff belongs to a protected class under Title VII due to his religious beliefs. *Para. 19-20.*

47. Plaintiff was qualified to perform his position as Detective. *Para. 9-12.*

48. Defendant terminated Plaintiff, which constitutes an adverse action.

49. Prior to terminating Plaintiff, Defendant was aware of his religious beliefs and affiliation with the Church. *Para. 19-20, 24, 30-31.*

50. Defendant terminated Plaintiff despite giving him permission to send the Welcome Letter, which constitutes circumstantial evidence of discrimination. *Para. 30-32.*

51. Derogatory comments made by Defendant about the Church and Plaintiff's involvement with the Church constitutes circumstantial evidence of discriminatory animus and causation. *Para. 18, 39-40.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII, to exceed $25,000; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 7th of January, 2019.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                _s/Kirby G. Smith_
                                                Kirby G. Smith
                                                Georgia Bar No. 250119
                                                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 7th of January, 2019.

                              THE KIRBY G. SMITH LAW FIRM, LLC

                                    s/Kirby G. Smith
                                    Kirby G. Smith
                                    Georgia Bar No. 250119
                                    *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

Respectfully submitted this 7th of January, 2019.

THE KIRBY G. SMITH LAW FIRM, LLC

  s/Kirby G. Smith  
Kirby G. Smith  
Georgia Bar No. 250119  
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC  
4488 North Shallowford Road  
Suite 105  
Atlanta, GA 30338  
T: (844) 454-7529  
F: (877) 352-6253  
kgs@kirbygsmith.com